IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRANDON CHE LEE,**

           **Petitioner,**

        v.                              CASE NO. 14-3054-RDR

**CLAUD MAYE,**
**Warden,**

           **Respondent.**

**O R D E R**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. The court finds that petitioner seeks to challenge his federal convictions entered in a federal district court in California and concludes that this court lacks jurisdiction to consider his claims.

The statutory fee for filing a federal habeas corpus petition is $5.00. Petitioner has filed a motion to proceed in forma pauperis (IFP). However his motion is not supported by a certified accounting of the funds available to him in his institutional account as required by D.Kan.Rule 9.1(g).[1] See also Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, (habeas

---

[1] D.Kan.Rule 9.1(g)(2)(A) provides:

Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

1

petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). Nevertheless, the court grants this motion for the sole purpose of dismissing this action.

**BACKGROUND AND CLAIMS**

The court takes judicial notice of dockets in relevant criminal and civil cases involving Mr. Lee and sets forth the following background. Mr. Lee was convicted upon trial by jury in the United States District Court for the Central District of California (Southern Division – Santa Ana) of multiple counts in connection with "a bank fraud and check-kiting scheme." See *U.S. v. Lee*, Case No. 8:07-cr-00207-AG-1 (CCD 2010).[2] On June 2, 2010, he was sentenced to concurrent terms totaling 240 months. *Id.* Mr. Lee appealed to the Ninth Circuit Court of Appeals, which affirmed. The unpublished opinion of the Ninth Circuit indicates that Mr. Lee did not raise the grounds presented in the instant petition on his direct appeal. See *U.S. v. Lee*, No. 10-50271 (9th Cir. Jan. 5, 2012).

---

[2] The court located the criminal case in which Mr. Lee was convicted under the case number cited herein. At times letters in this case number may have varied when different judges were assigned to conduct proceedings. Petitioner's allegations that this criminal case does not exist and is somehow false are contradicted by court records.

2

On February 7, 2014, Mr. Lee filed a Motion to Vacate, Set Aside, Correct Sentence pursuant to 28 U.S.C. § 2255, which was docketed in his criminal case. See Case No. 8:07-cr-00207-AG-1 (Doc. 322). The Government has filed a Motion to Dismiss asserting that Mr. Lee's 2255 motion should be denied as out of time.[3] The claims that Mr. Lee is attempting to present to this court in the instant § 2241 petition were raised in his pending § 2255 motion.

Mr. Lee claims in the instant action that he was sentenced "under false indictment" and is incarcerated "under false criminal case," and that as a result the criminal judgment against him "is false itself." As support for these claims, he alleges that "Case No. SACR07-207-AG-1 does not exist in any District Court records" and "is not registered with the court clerk's handwriting book log;" that the judgment is not authenticated and registered as required by law because the "cover page does not have the court filing stamp and the final page does not include pre-sentence report;" and that the presentence report used in his criminal case and by the Bureau of Prisons is false. Petitioner seeks immediate release.

## DISCUSSION

---

[3]  Mr. Lee also filed a civil action in the Central District of California alleging similar claims including that he was being held in federal custody in connection with a non-existent conviction. In October 2013, the California court found the "court docket shows that plaintiff was convicted and sentenced on June 2, 2010 in 07-CR-207," and that the action was frivolous or failed to state a claim. See *Lee v. Richard*, No. 13-CV-7962 (CCD November 2013).

Petitioner alleges that he also tried to pursue a BOP administrative remedy while at the FCC, Florence, but they did not accept the issues.

Petitioner's allegations are vague and conclusory at best, and neither the factual basis nor the legal theory[4] for his claims is clear. However, it is clear that he is attempting to challenge the legality and not the execution of his federal convictions and/or sentence. 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* That section further provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* Under these statutory provisions, a § 2255 motion filed in the district court that imposed sentence is the "exclusive remedy" for challenging a federal sentence unless there is a showing that the remedy is inadequate or ineffective. See 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). The remedy under § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

---

[4] To be entitled to relief under 28 U.S.C. § 2241 the petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

4

A § 2241 petition has a distinct purpose from a § 2255 motion, and attacks the execution of a sentence rather than its validity. Claims appropriately brought under § 2241 include challenges to sentence credit or good time calculations, disciplinary sanctions, and parole decisions. A § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964).

As noted, petitioner discloses that he currently has a § 2255 motion pending in the sentencing court. He alleges no facts indicating that his § 2255 remedy is inadequate or ineffective. In response to questions asking why his § 2255 remedy is ineffective, he merely restates some of his vague claims regarding his conviction. Mr. Lee directly appealed his conviction to the Ninth Circuit Court of Appeals and was able to file a § 2255 motion in the sentencing court. He is not entitled under § 2241 to additional review by this court of challenges to his conviction and sentence simply by virtue of the fact that he is currently incarcerated within this judicial district. Furthermore, it is well-settled that the dismissal of a § 2255 motion as untimely does not establish that the remedy is ineffective. *Sines v. Wilner*, 609 F.3d 1070 (10th Cir. 2010); *see Bustillo v. Hood*, 168 Fed.Appx. 255, 256 (10th Cir.), *cert. denied*,

547 U.S. 1159 (2006); *Caravalho*, 177 F.3d at 1178.[5]  Even an erroneous decision on a § 2255 motion does not render the § 2255 remedy ineffective.  *See Sines*, 609 F.3d at 1073.  In short, this court simply does not have jurisdiction to hear challenges to Mr. Lee's federal convictions or sentence entered in the Central District of California.  *Haugh*, 210 F.3d at 1150.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted for purposes of dismissing this action only.

**IT IS FURTHER ORDERED** that this action is dismissed for lack of jurisdiction, and all relief is denied.

**IT IS SO ORDERED.**

**DATED:  This 24th day of April, 2014, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**

---

[5]  The court declines to construe this petition as one brought pursuant to § 2255 and transfer it to the sentencing court, since petitioner already has such a motion pending in that court.